COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-08-354-CR

JOHN FRANK ANDERSEN A/K/A APPELLANT

JOHN FRANK ANDERSON

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant John Frank Andersen a/k/a John Frank Anderson of aggravated assault with a deadly weapon and assessed his punishment at sixteen years’ confinement.  The trial court sentenced him accordingly.

Andersen’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  Counsel’s brief and motion meet the requirements of 
Anders v. California 
by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  386 U.S. 738, 87 S. Ct. 1396 (1967).  We gave Andersen an opportunity to file a pro se brief, and he filed three letters—two of the letters were dated August 31, 2009, and September 10, 2009, and one was date-stamped October 9, 2009—in which he indicated that he had discovered two or three issues.
(footnote: 2)  We construed these letters as his pro se brief.  The State declined to file a reply. 

Once an appellant’s court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays v. State
, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant counsel’s motion to withdraw.  
See Penson v. Ohio
, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, including supplementation of the record from this case’s earlier indictment and dismissal before reindictment, and counsel’s brief, and we have attempted to identify the two to three issues Andersen referred to in his three letters.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.  
See Bledsoe v. State
, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); 
see also Meza v. State
, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s judgment. 

PER CURIAM

PANEL:  MCCOY, LIVINGSTON, and MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: March 25, 2010

FOOTNOTES
1:
See
 Tex. R. App. P. 47.4.

2:
In his August 31 letter, Andersen states, “I have found many reasons to file a successful Appeal.  The type of gun and load.”  In his September 10 letter, he states, “I have found 
two
 points of int[e]rest in my court record.”  In his letter date-stamped October 9, he states, “I have found 
three
 
errors
 in my case file.  One of witch [sic] is not in the records but was said.”